Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Lorena Garcia-Bautista, SBN 234091
lorena.garcia@eeoc.gov
Natalie Nardecchia, SBN 246486
natalie.nardecchia@eeoc.gov
Alisha Ansari, SBN 312875
alisha.ansari@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3008
Facsimile: (213) 894-1301

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GOODSELL/WILKINS, INC., and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT—TITLE VII**<br>• **CIVIL RIGHTS**<br>• **EMPLOYMENT DISCRIMINATION**<br><br>42 U.S.C. §§ 2000e, *et seq.*<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and/or national origin and sex and to provide appropriate relief to two Charging Parties and other aggrieved individuals who were adversely affected by such practices ("Claimants"). As set forth in detail in this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff," "Commission," or "EEOC") alleges that Defendant Goodsell/Wilkins, Inc. ("Defendant") violated Title VII by subjecting two Charging Parties and Claimants to unlawful harassment based on their race (Hispanic) and/or national origin (Latino), as well as their sex (male), resulting in a hostile work environment, constructive discharge, and/or retaliation for opposing Defendant's unlawful employment practices in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Central District of California.

## PARTIES

4. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant has continuously been a California corporation doing business in the State of California and headquartered in Orange County, California.

6. At all relevant times, Defendant has continuously employed at least 15 employees.

7. At all relevant times, Defendant has continuously been an employer engaging in an industry affecting commerce under Sections 701(b), (c), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (c), (g), and (h).

8. Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names. The Commission reserves the right to amend the complaint to name each DOE defendant individually or corporately as their identities become known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when this information has been ascertained.

## ADMINISTRATIVE PROCEDURES

9. More than thirty days prior to the institution of this lawsuit, Charging Party 1 and Charging Party 2 filed charges of discrimination with the Commission alleging violations of Title VII by Defendant.

10. On June 10, 2022, the Commission issued Letters of Determination finding reasonable cause to believe Defendant violated Title VII. The Commission invited Defendant to participate in informal methods of conciliation with the Commission to eliminate the unlawful employment practices and provide appropriate relief.

11. Defendant accepted the invitation to conciliate. The Commission thereafter engaged in conciliation communications with Defendant.

12. On September 8, 2022, the Commission issued Notices of Failure of

Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission and no further efforts to conciliate the matter would be made.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Charging Party 1 is a Hispanic male of Mexican national origin. He began working for Defendant in or about December 2017. He worked for Defendant until June 2019, when he was subject to a retaliatory lay-off.

15. Charging Party 2 is a Hispanic male of Nicaraguan national origin. He began working for Defendant in or about January 2019. He worked for Defendant until September 2019, when he was constructively discharged.

16. Since at least 2019, Defendant has engaged in unlawful employment practices in violation of Sections 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e-2(a) and (b) by subjecting the two Charging Parties and Claimants to unwelcome, severe or pervasive harassment based on their race and/or national origin and sex, and/or creating and maintaining an offensive, abusive, intimidating, and hostile work environment because of their race and/or national origin and sex. For example:

   a. Charging Parties and a class of Claimants were called racial/ethnic slurs and discriminatory comments by Defendant's supervisors, who constantly referred to them as "wetbacks" and "Home Depoteros" (a derogatory term for an individual who stands in front of Home Depot looking for work); told them they were "going to work [them] like n——s"; degraded and mocked them because they could not speak English; insinuated that they were unintelligent and incompetent because of their limited English; and repeatedly told them to go back to where they came from.

3
EEOC'S COMPLAINT

      b.     Defendant also subjected Charging Parties and Claimants to offensive graffiti based on race and/or national origin on the walls of the portable bathrooms at Defendant's worksites. The graffiti included slurs (e.g., "fucking wetback," "fucking Mexican," "fucking beaners") and statements such as "Go back to Mexico fucking Mexicans," as well as drawings and images depicting people jumping over fences, in mockery of Hispanic/Latino workers presumed to have illegally crossed the border into the United States.

      c.     Supervisors would also sexually degrade Charging Parties and Claimants by calling them "whores"; referring to them with derogatory slurs based on sexual orientation, such as "jotos," "putos," or "Tutti Frutti"; falsely spreading rumors about their sexual orientation; showing inappropriate explicit images; making sexually violent threats (e.g., threatening to "put a stick up [Charging Party 1's] anus," "put [their] dick in [Charging Party 1's] ass" or "put a penis on [Charging Party 1's] forehead"); and making offensive comments about gender identity and sexual preference.

17.    Since at least 2019, Defendant knew or should have known of the offensive, derogatory, and degrading comments based on race and/or national origin and sex and the hostile work environment that resulted. The comments were ubiquitous, open, frequent, and consistent in nature. Such comments were said by Defendant's supervisors and often within earshot of Defendant's other supervisory employees.

18.    Since at least 2019, Defendant knew or should have known of the persistence of racial graffiti at their worksites. The graffiti was present on a daily basis and conspicuously displayed.

19.    Charging Parties and Claimants complained in writing and verbally about the harassment. For example, Charging Party 1 complained in writing about the harassment to multiple supervisors on or about May 30, 2019.

20. Despite having actual and constructive notice of the harassment, Defendant failed and refused to take prompt and appropriate action to stop the harassment and the resulting hostile work environment.

21. As a result of Defendant's failure to take prompt and effective remedial measures, the harassment continued unabated. The harassment was unwelcome and sufficiently severe or pervasive to alter the terms and conditions of the two Charging Parties' and Claimants' employment and created a hostile work environment.

22. Since at least 2019, Defendant's unlawful practices also included subjecting Charging Parties and Claimants to retaliation for complaining about the harassment and for engaging in protected activity in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3. For example:

    a. Defendant retaliated against Charging Party 1 for complaining in writing about the harassment to supervisors/managers on or about May 30, 2019 by terminating him in or around June 2019.

    b. Due to ongoing retaliatory harassment and intimidation, the hostile work environment, and Defendant's refusal to take remedial measures, Charging Party 2 and some Claimants were constructively discharged. Charging Party 2 was constructively discharged on or about September 19, 2019.

23. The effect of the practices complained of above has been to deprive Charging Parties and other similarly situated employees of equal employment opportunities and otherwise adversely affect their working conditions because of their race and/or national origin and sex.

24. The unlawful employment practices complained of above were intentional.

25. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Charging Parties and Claimants.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices in violation of Sections 703(a) and (b) and 704(a) of Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs to ensure that it would not engage in further unlawful practices in violation of Sections 703(a) and (b) and 704(a) of Title VII.

C. Order Defendant to make whole the Charging Parties and Claimants by providing appropriate back pay (if applicable) with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole the Charging Parties and Claimants by providing compensation for past and future non-pecuniary losses pursuant to Title VII resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

E. Order Defendant to make whole the Charging Parties and Claimants by providing compensation for any past and future pecuniary losses, including, but not limited to, expenses suffered by them that resulted from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendant to pay the Charging Parties and Claimants punitive damages, pursuant to Title VII, for its malicious or reckless conduct as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 27, 2022                Respectfully Submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

By: _____
ANNA Y. PARK,
Regional Attorney
Los Angeles District Office
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION