Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Dayana R. Pelayo, SBN 308705
dayana.pelayo@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Phone: (213) 785-3090
Fax: (213) 894-1301

Attorneys for Plaintiff
U.S. EEOC

Brian D. Peters, SBN 174688
bpeters@kaufmandolowich.com
KAUFMAN DOLOWICH LLP
21515 Hawthorne Blvd., Suite 450
Torrance, CA 90503

Attorneys for Defendant
GOODSELL/WILKINS, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

vs.

GOODSELL/WILKINS, INC.; and DOES 1-10, inclusive,

Defendants.

Case No.: 8:22-cv-01765-JWH-(JDEx)

**[PROPOSED] CONSENT DECREE**

Hon. John W. Holcomb
United States District Judge

## I. INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendant Goodsell/Wilkins, Inc. ("Defendant") hereby stipulate and agree to entry of this Consent Decree to resolve the Commission's Complaint, filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The EEOC alleges Defendant engaged in unlawful employment practices by subjecting Charging Parties and other similarly situated individuals to unlawful harassment based on their race (Hispanic) and/or national origin (Latino), as well as their sex (male), resulting in a hostile work environment, constructive discharge, and/or retaliation in violation of §§703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a), 2000e-3(a), *as amended*.

Defendant has denied these allegations and, by entering into this Consent Decree, does not admit liability.

## II. PURPOSES AND SCOPE OF THE CONSENT DECREE

In the interest of resolving this matter, the Commission and Defendant (hereinafter "the Parties") have agreed that this action should be settled, prior to any adjudication of fact or law, by entry of this Consent Decree ("Decree"). This Decree shall be binding on and enforceable against Defendant and its officers, directors, agents, successors, and assigns. The scope of this Decree is companywide. The Parties have entered into this Decree for the following purposes:

A. To provide appropriate monetary and injunctive relief;

B. To ensure Defendant's employment practices comply with Title VII;

C. To ensure a work environment free from discrimination, harassment, and/or retaliation;

D. To ensure effective training for Defendant's managers, supervisors, leads, human resources personnel, and other employees with respect to their obligations and rights under Title VII;

E. To review and update Defendant's procedures for handling discrimination, harassment, and/or retaliation complaints;

F. To provide an appropriate and effective mechanism for receiving and handling discrimination, harassment, and/or retaliation complaints in the workplace;

G. To ensure Defendant's policies, procedures, and practices prevent and/or correct discrimination, harassment, and retaliation;

H. To ensure appropriate recordkeeping, reporting, and monitoring of discrimination, harassment, and retaliation at Defendant's worksites; and

I. To avoid the time, expense, and uncertainty of further litigation.

**III. RELEASE OF CLAIMS**

A. The Parties agree that this Decree completely and finally resolves all claims made in the EEOC's Complaint filed in this action in the United States District Court, Central District of California, on September 27, 2022, captioned *U.S. Equal Employment Opportunity Commission v. Goodsell/Wilkins, Inc. et al.*; Case No. 8:22-cv-01765-JWH (JDEx) (hereafter "Action"), and constitutes a complete resolution of all the claims made in the Action.

B. Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that Defendant fails to comply with the terms of this Decree.

C. Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII or any other federal employment statute.

D. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may exist or may later arise against Defendant other than the charges giving rise to this Action.

**IV. JURISDICTION**

A. The Court has jurisdiction over the Parties and the subject matter of

this Action. The Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.

B. The terms and provisions of this Decree are fair, reasonable, and adequate.

C. This Decree conforms to the Federal Rules of Civil Procedure and Title VII and does not derogate the rights or privileges of any person.

D. Entry of this Decree will further the objectives of Title VII and will be in the best interest of the Parties.

E. The Court shall retain jurisdiction over this Action for the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to fully implement the relief provided herein.

## V. EFFECTIVE DATE AND DURATION OF DECREE

A. The provisions and agreements contained herein are effective immediately on the date which this Decree is entered by the Court ("Effective Date").

B. This Decree shall remain in effect for four (4) years after the Effective Date.

## VI. COMPLIANCE AND DISPUTE RESOLUTION

A. The EEOC may review Defendant's compliance with any provision of this Decree. The EEOC may inspect Defendant's worksites, facilities, and/or offices, interview its management and employees, and request copies of documents created or received by the Monitor or the Claims Administrator as a result of their duties. The EEOC may request copies of such documents from Defendant if otherwise unable to confirm Defendant's compliance. Defendant will comply with any such request to review within thirty (30) calendar days of the EEOC's request.

B. If the Commission has reason to believe that Defendant has in any way failed to comply with any provision of this Decree, the Commission may

bring a motion before this Court to enforce the Decree. Before filing such a motion, the Commission shall notify Defendant of the nature of the dispute. This notice shall specify the particular provision(s) of the Consent Decree with which the Commission believes Defendant has failed to comply. Absent a showing that the delay will cause irreparable harm, Defendant shall have thirty (30) calendar days from the date of notice ("Dispute Resolution Period") to attempt to compliance. After thirty (30) days have passed, if the Parties have reached no resolution or agreement to extend the time to resolve the dispute, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree and/or any other relief the court deems appropriate.

C. The Parties agree to cooperate with each other and use their best efforts to resolve any dispute raised by the EEOC.

D. Where there is a showing that a Dispute Resolution Period will cause irreparable harm, the Commission may immediately initiate an enforcement action in this Court, seeking all available relief, including an extension of the duration of the Decree.

## VII. MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each Party.

B. If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes. If the Parties are unable to reach an agreement, the Court shall order the appropriate alternative provisions necessary to effectuate the purposes of the Decree. Should one or more provisions of this Decree be deemed unlawful, all other provisions

shall remain in full force and effect.

C. By mutual agreement of the Parties, subject to the Court's approval, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

## VIII. MONETARY RELIEF AND CLAIMS ADMINISTRATION

### A. Establishing a Settlement Fund and General Provisions

1. In settlement of this lawsuit, Defendant shall pay a total sum of $730,000 in monetary relief ("Settlement Fund"). Within forty-five (45) calendar days of the Effective Date, Defendant will cause the Settlement Fund to be deposited into an escrow account managed by a Claims Administrator and provide the EEOC with written verification of that funding within seven (7) calendar days of deposit.

2. The Settlement Fund will be distributed to the Eligible Claimants in accordance with the terms of this Decree. The EEOC has full and complete discretion under the terms of this Decree to determine who is an "Eligible Claimant," based on the EEOC's assessment of the facts and of the damages available under Title VII, and the amount and characterization of such payments as income, wages, or otherwise, as hereinafter described in this Decree.

3. Defendant agrees that the EEOC's determination of the distribution of the Settlement Fund is final and Defendant will neither participate in, nor object to, those determinations.

### B. Claims Administrator

#### 1. Claims Administrator Selection and Approval

Within thirty (30) calendar days of the Effective Date, Defendant will hire and appoint a specific professional individual or organization, approved by the EEOC, to oversee the claims process and payments to Eligible Claimants as directed by the EEOC ("Claims Administrator"). If the Claims Administrator initially appointed by Defendant thereafter declines to serve or to carry out its

duties under this Decree, Defendant will have seven (7) calendar days to notify the EEOC in writing of the need for a replacement Claims Administrator, and Defendant will have fourteen (14) calendar days to provide the EEOC with the name of a new Claims Administrator for approval by the EEOC. If the EEOC objects to the appointment of the new Claims Administrator identified by Defendant, the Parties will meet and confer until they reach mutual agreement on a replacement Claims Administrator. In the absence of an agreement of the Parties, the EEOC may appoint a Claims Administrator.

**2. Responsibility for Claims Administrator's Fees and Costs**

Defendant will pay all costs associated with the selection and retention of the Claims Administrator as well as the performance of the Claims Administrator's duties under this Decree.

**3. Claims Administrator's Duties and Responsibilities**

The Claims Administrator will be responsible for: (a) establishing, within fifteen (15) calendar days of being appointed, an interest-bearing account to hold in trust the Settlement Fund and notifying the EEOC and Defendant when the account is established and ready for deposit of the Settlement Fund; (b) receiving and holding the Settlement Fund in trust, until distribution; (c) establishing an informational website accessible to the Parties and Defendant's current and former employees who may be entitled to compensation ("Potential Claimants"); (d) establishing an email address, mobile phone number, and/or other digital means of contact accessible to Potential Claimants to submit questions and Claim Forms; (e) establishing a toll-free telephone number accessible to Potential Claimants; (f) responding to information requests from Potential Claimants; (g) sending notices and Claim Forms to Potential Claimants; (h) obtaining updated addresses for Potential Claimants and re-mailing returned notices; (i) receiving and processing Claim Forms as provided in the Decree; (j) communicating with

and receiving, and processing documents from Claimants[1]; (k) sending notices of ineligibility to those Potential Claimants ultimately determined by the EEOC not to be Eligible Claimants; (l) issuing payments to Eligible Claimants in accordance with the final Distribution List provided by the EEOC; (m) calculating withholding and payroll taxes and issuing tax reporting forms to each Eligible Claimant who receives a settlement payment; (n) depositing the employer-share of payroll taxes with the appropriate taxing authorities; (o) filing tax returns and issuing IRS Form W-2s and 1099s with respect to the Settlement Fund; (p) communicating as necessary with the EEOC and Defendant; (q) tracking all necessary data regarding contact with Claimants; (r) reissuing checks where required in consultation with the EEOC; (s) final distribution of the Settlement Fund; and (t) final redistribution of excess funds to Eligible Claimants, if any.

4. **Claims Process and Distribution of Settlement Fund**

**a) List of Potential Claimants**

Within thirty (30) calendar days of the Effective Date, Defendant will provide the Claims Administrator with a list of each of Defendant's current and former employee from 2018 to the present ("List of Potential Claimants"). For each individual on the List of Potential Claimants, Defendant will provide the following information: (a) full name, including all known prior names or aliases; race/national origin identification (if known); (c) last known mailing address(es); (d) date of birth; (e) social security number; (f) employee identification number, if any, and if different from the individual's social security number; (g) last known telephone number(s); (h) last known personal email address(es); (i) dates of employment; and (j) any other personal identifying information for Potential Claimants.

//

[1] The term "Claimant(s)" includes both Potential and Eligible Claimants.

**b) Notice of Settlement and Claim Form**

After the Claims Administrator is retained, the EEOC will provide the Claims Administrator with the following forms: (a) Notice of Settlement, whose final form and content will be substantially in the format attached hereto as "Exhibit A", and (b) Claim Form, whose final form and content will be substantially in the format attached hereto as "Exhibit B". The EEOC will retain discretion to modify and make the final determination regarding the form and contents of these documents. The Claim Form includes questions that will allow the EEOC to determine whether the Potential Claimant: (i) was a Hispanic/Latino male employed with Defendant from 2018 to the present; (ii) could assert a claim—based on the EEOC's assessment—for harassment based on race, national origin, or sex and/or related retaliation or constructive discharge by Defendant; and (iii) was harmed as a result. The Claim Form will inform Eligible Claimants of their ability to seek re-employment with Defendant should any vacancies become available, that Defendant will not discriminate or retaliate against any Eligible Claimants who seek re-employment, provide information on how to apply for re-employment with Defendant and an opportunity to indicate whether the Eligible Claimant wishes to be placed on a contact list to be notified of any vacancies with Defendant within the term of the Decree.

**c) Mailing Notice of Settlement and Claim Form**

Upon receipt of the List of Potential Claimants from Defendant, the Claims Administrator will first utilize available resources including a database search to update email addresses and addresses. Using the updated addresses, the Claims Administrator will mail via USPS Priority Mail and email the Notice of Settlement, the Claim Form, and a return envelope addressed to the Claims Administrator to each Potential Claimant not later than twenty-eight (28) calendar days after the Claims Administrator receives the Notice of Settlement and Claim Form. The Claims Administrator will provide to the EEOC a roster of the U.S.

mail (sent via USPS Priority Mail) and email transmissions no later than ten (10) calendar days after they are completed.

**d) Return Mail Handling**

For each mailing to a Potential Claimant that is returned as undeliverable, the Claims Administrator will, within ten (10) calendar days: (1) research the Potential Claimant's most recent address, using best efforts and a database search to locate the Potential Claimant; and (2) (a) resend the Notice of Settlement, Claim Form, and cover letter to the new or different address via USPS Priority Mail if a new or different address is obtained, or (b) advise the EEOC of the efforts taken to locate the Potential Claimant if no new or different address is obtained. The Claims Administrator will make no more than two (2) attempts to locate a Potential Claimant whose mailing is returned as undeliverable and in no event will any re-mailing of the Notice of Settlement and Claim Form occur more than six (6) months later than the Effective Date unless the EEOC determines a re-mailing is needed to advance the interest of the terms of this Decree.

**e) Claim Filing Deadline**

Potential Claimants who believe they are entitled to an award from the Settlement Fund may submit a Claim Form. A Potential Claimant's final Claim Form filing deadline will be the later of one hundred twenty (120) calendar days after the Notice of Settlement and the Claim Form are originally mailed to that Potential Claimant, or one hundred twenty (120) calendar days after the date the Notice of Settlement and the Claim Form are re-mailed to that Potential Claimant if the original forms to that Potential Claimant were returned as undeliverable. Claim Forms postmarked or submitted electronically to the Claims Administrator within these periods will be considered timely. However, Claim Forms that are received after the aforementioned time periods may be considered by the EEOC at its sole discretion.

//

**f) Claim Form Evaluation**

The Claims Administrator will provide to the EEOC electronically all of the Claim Forms and accompanying information submitted by each Potential Claimant for the EEOC's use in assessing who is an Eligible Claimant. The EEOC has sole discretion in determining the scoring criteria, eligibility, and monetary relief amounts for each Potential Claimant. In order to determine each Potential Claimant's eligibility, the EEOC will review the information in the Claims Form and determine if the individual: (i) was a Hispanic/Latino male employed by Defendant from 2018 to the present; (ii) could assert a claim—based on the EEOC's assessment—for harassment based on race, national origin, or sex and/or related retaliation or constructive discharge by Defendant; and (iii) was harmed as a result. If these individuals satisfy the criteria, they will be determined by the EEOC to be Eligible Claimants entitled to monetary relief from the Settlement Fund.

The EEOC shall provide the Claims Administrator one or more lists of Eligible Claimants including their names, current addresses, the amount to be paid to each, the classification of such amounts to be paid, and any additional relevant identifying information ("Distribution List"). As the claims process progresses, the EEOC may submit subsequent Distribution Lists. The EEOC also will provide the Claims Administrator with a Notice of Ineligibility for any Potential Claimants whom the EEOC determines are not eligible for payments from the Settlement Fund.

**g) Notices to Eligible Claimants**

Upon receiving the Distribution List(s) from the EEOC, the Claims Administrator will mail via USPS Priority Mail to each Eligible Claimant on the EEOC's approved Distribution List(s) a Notice of Eligibility and Claim Share Amount, and a return envelope addressed to the Claims Administrator. To each Potential Claimant determined to be ineligible, the Claims Administrator will mail

a Notice of Ineligibility, and a return envelope addressed to the Claims Administrator.

**h) Subsequent Distribution List(s)**

The EEOC may provide the Claims Administrator one or more subsequent Distribution Lists, detailing the remaining Eligible Claimants and the Claim Share Amount awarded to each. The Claims Administrator will provide the EEOC and Defendant an accounting of the monies remaining from the Settlement Fund. Defendant has no standing to challenge the EEOC's distribution determinations, which are entirely in the discretion of the EEOC.

The EEOC will provide a Final Distribution List to the Claims Administrator. The Claims Administrator will notify Defendant of receipt of the Final Distribution List. Any remaining amounts shall be redistributed to Eligible Claimants at the EEOC's discretion.

**i) Payments to Eligible Claimants**

An Eligible Claimant will be required to sign a Waiver and Release of Claims (in the format attached hereto as "Exhibit C") prior to receiving payment by the Claims Administrator. A facsimile or electronic signature shall have the same force and effect of an original signature on the Release of Claims. All signed releases will be submitted directly to the EEOC. Defendant will be provided with a copy of the signed releases for the Eligible Claimants at the time of each distribution made from the Settlement Fund.

**j) Returned and/or Uncashed Checks**

On a quarterly basis throughout the duration of this Decree, the Claims Administration shall provide the EEOC with a copy of each cancelled check electronically, and identify any check not negotiated and/or returned non-negotiated. The Claims Administrator will also notify the Parties on a quarterly basis of the remaining amount of Settlement Funds.

For any checks that are returned as undeliverable, the Claims Administrator

will attempt to find an updated address and will provide the EEOC with the name, last known address, date of birth, and social security number of the Eligible Claimant. If an updated address can be found, the check will be re-mailed via USPS Priority Mail. If an Eligible Claimant fails to present his check after ninety (90) calendar days of it being issued, the Claims Administrator will provide the EEOC with the name, last known address and date of birth of the Eligible Claimant, and the EEOC may make additional efforts to locate the Eligible Claimant.

**k) Undistributed Excess Funds**

If any of the Settlement Fund remains undistributed after exhausting the efforts to locate the Eligible Claimants as set forth above, the excess funds will be redistributed to Eligible Claimants at the EEOC's sole discretion. The EEOC will provide to the Claims Administrator a final distribution list of the Eligible Claimants to whom excess funds were redistributed.

**l) Tax Reporting Forms**

The EEOC has the sole discretion to characterize the monetary relief amount to each Eligible Claimant as wage or non-wage compensation. The Claims Administrator will issue a Form 1099 to each Eligible Claimant in the amount of his non-wage monetary relief. No tax withholdings shall be made. If the EEOC designates monetary relief as wages, the Claims Administrator shall issue an IRS Form W-2 to each applicable Eligible Claimant. As described above, Defendant shall pay the employer's portion of all deductions required by law, including but not limited to FICA and FUTA taxes, which shall not be deducted from payment of the monetary settlement amount(s) to Eligible Claimants. The Defendant and/or the Claims Administrator shall make all appropriate reports to the Internal Revenue Service and other tax authorities.

//

//

**m) Notice of Checks Issued**

Within seven (7) calendar days after mailing any payment to Eligible Claimants, the Claims Administrator will submit a register or copy of the checks to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California 90012, lado.legal@eeoc.gov and to counsel of record for Defendant.

5. Defendant will cooperate with the Commission in good faith, consistent with Defendant's obligation to fully comply with the spirit and letter of the terms of this Decree, to ensure payments are made in full to all Eligible Claimants in accordance with this Section.

## IX. CLAIMANT SPECIFIC INJUNCTIVE RELIEF

Within thirty (30) calendar days of Defendant's receipt of a list of Eligible Claimants from the EEOC, Defendant shall:

A. Remove from the personnel files of each Eligible Claimant any references to the Eligible Claimant's allegations of discrimination, harassment, or retaliation or other documents or information determined by the EEOC to be related to such allegations. Defendant must retain a record of any information removed from an Eligible Claimant's personnel file pursuant to this subsection separately from Eligible Claimants' personnel files consistent with the recordkeeping provisions contained herein or otherwise required by law. To the extent that Defendant must keep records of the charges of discrimination or any Claimant's involvement in the Action to effectuate this Decree, such records must be maintained separately from Claimants' personnel files;

Within thirty (30) calendar days of the Effective Date of this Decree, Defendant shall:

A. Be enjoined from providing negative references about Potential and Eligible Claimants and authorize only a human resources representative to provide a neutral employment reference, which is limited to verifying whether the

Potential or Eligible Claimant was employed by Defendant, the last position in which the Claimant was employed, and the duration of the Potential or Eligible Claimant's employment with Defendant;

B. Ensure that any Potential or Eligible Claimant that continues to work for Defendant does not suffer discrimination, harassment, and/or retaliation;

C. Reclassify the terminations of any Eligible Claimant to voluntary resignations if they have been identified by the EEOC as being subject to retaliation (based on a list provided by the EEOC); and

D. Ensure that the Eligible Claimants no longer working for Defendant are not prohibited from seeking re-employment with Defendant and that in the event the Eligible Claimant is not offered re-employment, said decision is based on a legitimate, non-discriminatory business decision and documented in a report sent to the EEOC, as set forth in Section XII.

E. Re-Employment

1. Defendant will not discriminate or retaliate against Eligible Claimants who apply for employment or re-employment with Defendant in the future. Any and all employment decisions will be based on legitimate, non-discriminatory and non-retaliatory business factors including availability of open positions, skills, and qualifications.

2. Defendant agrees that participation in this settlement does not bar any Eligible Claimant from hire.

3. If an Eligible Claimant is employed or re-employed by Defendant, such employment or re-employment with Defendant shall not be in lieu of any monetary damages to which the EEOC determines the Eligible Claimant is entitled.

4. In the course of the Claims Notice Process, Eligible Claimants will be informed of their ability to seek re-employment with Defendant should any vacancies become available and indicate whether they wish to be placed on a

contact list to be notified by Defendant of any vacancies.

5. Defendant agrees to provide notice of an employment vacancy to all Eligible Claimants added to the contact list within three (3) business days of the existence of a vacancy being determined by Defendant at any time during the term of the Decree. The notice may be provided by text and shall include to a link to a description of the type of skills and qualifications required for the position(s).

6. For the purposes of this Consent Decree, an "employment vacancy" does not exist when Defendant recalls an existing employee who was placed on a temporary layoff/furlough due to a temporary lack of work. Defendant may recall an existing employee who was placed on a temporary layoff/furlough due to a temporary lack of work without being required to provide notice to Eligible Claimants as described in Section IX.G.5 above.

7. If any Eligible Claimant is re-employed with Defendant within the term of the Decree, Defendant will restore the Eligible Claimant's previously held seniority with the company with respect to then existing employee benefits.

## X. GENERAL INJUNCTIVE RELIEF

### A. Non-Discrimination and Non-Retaliation

#### 1. Non-Discrimination

Defendant, its directors, officers, agents, management (including all supervisory and lead employees), successors, assigns, and all those in active concert or participation with them, including but not limited to those subcontracted with them, or any of them, shall be enjoined from engaging in employment practices in violation of Title VII. Such employment practices include:

(a) discriminating against persons in violation of Title VII, including by engaging in or failing to remedy or correct harassment by persons employed by Defendant or employed by general contractors or subcontractors with which Defendant works;

(b) engaging in or becoming a party to any action, policy or practice that discriminates against any person in violation of Title VII, including by engaging in or failing to remedy or correct harassment; and

(c) creating, facilitating, or permitting a hostile work environment on any basis protected by Title VII.

2. **Non-Retaliation**

Defendant, its directors, officers, agents, management (including all supervisory and lead employees), successors, assigns, and all those in active concert or participation with them, including but not limited to those subcontracted with them, or any of them, shall be enjoined from engaging in, implementing, or permitting any action, policy, or practice that retaliates against any current or former employee or applicant because he or she has:

(a) opposed any practice that he or she believed to be discriminatory, harassing, or retaliatory;

(b) filed a charge with the EEOC or any other government agency alleging such a practice;

(c) testified or participated in any manner in any investigation (including any internal investigation undertaken by Defendant) in connection with any claim of a Title VII violation, including this Action;

(d) been identified as a possible witness or claimant in any legal action alleging a Title VII violation, including this Action;

(e) asserted any rights under this Decree; or

(f) sought and/or received any relief in accordance with this Decree.

**B. Posting**

Within ten (10) calendar days after the Effective Date and throughout the term of this Decree, Defendant shall post the Notice (attached as “Exhibit D”) of the terms of this Decree at a clearly visible location in Defendant’s mobile trailer at any jobsite where Defendant utilizes a mobile trailer and in each job box

Defendant utilizes at all other jobsites where Defendant's employees are assigned to work. The Notice shall be posted in English and Spanish. The postings shall remain posted for the duration of this Decree.

Defendant shall also disseminate a hard copy and electronic copy of the Notice to all its current employees in the employee's preferred language, and upon request of any employee. Defendant shall provide a copy of the Notice upon hire to any new employee onboarded within the duration of this Decree.

**C. Equal Employment Opportunity Monitor**

Within thirty (30) calendar days after the Effective Date, Defendant shall retain an external Equal Employment Opportunity Monitor ("Monitor"), approved by the EEOC, to monitor Defendant's compliance with Title VII and this Decree. The Monitor shall be bilingual in Spanish and English. The Monitor shall have demonstrated experience in the area of employment discrimination, race, national origin, and sex harassment issues. Defendant shall bear all costs associated with the selection and retention of the Monitor and the performance of the Monitor's duties. For the term of the Decree, the Monitor's responsibilities shall include:

1. Reviewing and revising Defendant's policies and procedures, including its complaint procedures relating to discrimination, harassment, and retaliation, to ensure they fully comply with Title VII and all requirements set forth in this Decree;

2. Ensuring that all employees, including management, supervisory, and human resources employees, are trained regarding their rights and responsibilities under Title VII and this Decree, including the responsibility to provide a workplace free of discrimination, harassment and retaliation;

3. Ensuring that all employees, including management, supervisory, and human resources employees, are trained on Defendant's revised policies and procedures relating to discrimination, harassment and retaliation;

4. Ensuring that all human resources employees are trained to the

skill level necessary to effectuate the requirements of Title VII and this Decree;

5. Conducting investigations of all complaints of discrimination, harassment or retaliation, including complaints by Defendant's subcontractors regarding Defendant's employees and alleged misconduct by Defendant's subcontractors, towards Defendant's employees, if any, to ensure compliance with Title VII and this Decree;

6. Ensuring that Defendant properly communicates with complainants as required by this Decree;

7. Ensuring that Defendant properly documents and creates a centralized system of tracking discrimination, harassment, and retaliation complaints, as required by this Decree;

8. Ensuring that Defendant's performance and discipline policies hold employees and managers, including human resource personnel, accountable for failing to take appropriate action regarding complaints of discrimination, harassment or retaliation, or for engaging in conduct prohibited under Title VII or this Decree;

9. Within ninety (90) calendar days of the Effective Date, the Monitor shall conduct a Complaint Audit for prior complaints of harassment based on race, national origin, or sex, and/or related complaints of retaliation, made in the year before the Effective Date, as well as the measures taken in response to any such complaints to ensure all complaints were properly addressed, in scope and thoroughness, and in full compliance with the requirements of Title VII and this Decree. For complaints received after the Effective Date, the Monitor shall review the Complaint Log described in Section X.I. on a monthly basis, at minimum. The results of all complaint reviews and audits shall be submitted to the EEOC in the Initial Report and each Annual Report set forth in Section XII below. The Monitor's Initial Report and each Annual Report shall include assessments and recommendations for remedying all identified issues

with race, national origin, and/or sex-based harassment or retaliation.

10. Reviewing Defendant's future contracts with its subcontractors, if any, to ensure they include a provision permitting the subcontractors' employees to report any informal or formal complaints of discrimination, harassment, and/or retaliation through Defendant's Complaint Procedure in Section X.F and to the Monitor, and providing for subcontractors' agreement to comply with the Monitor's investigation and subsequent recommendations following the investigation;

11. Monitoring that Defendant's subcontractors, if any, report any informal or formal complaints of race, national origin, or sex-based discrimination, harassment and/or retaliation by Defendant's employees against the subcontractor or by the subcontractor's employees against Defendant to the Monitor in writing;

12. Communicating to Defendant's subcontractors, if any, that they are expected to cooperate with the Monitor's investigation into complaints of race, national origin, and/or sex-based discrimination, harassment, and/or retaliation by Defendant's employees against the subcontractor or by the subcontractor's employees against Defendant, including by making individuals available for interview, providing access to facilities and/or jobsites, and supplying documents as necessary;

13. Communicating to Defendant's subcontractors his/her recommendations following completion of an investigation into complaints of race, national origin, and/or sex-based discrimination, harassment, and/or retaliation by Defendant's employees against the subcontractor or by the subcontractor's employees against Defendant. Defendant's subcontractors shall be requested to report to the Monitor any actions subsequently taken within twenty (20) days. If these actions depart from the Monitor's recommendation, Defendant's subcontractors shall be instructed to provide an explanation to the

Monitor;

14. Requesting that Defendant's subcontractors disclose the results of any investigations and any proposed remedial action when the subcontractors complete their own investigation into complaints of race, national origin, and/or sex-based discrimination, harassment and/or retaliation lodged by their employees against Defendant or by Defendant's employees against the subcontractor;

15. Conducting audits, as set forth below, to ensure that Defendant's employees, managers, supervisors, and leads are held accountable and to reinforce Defendant's zero tolerance policy with respect to discrimination, harassment and/or retaliation;

16. Preparing an Initial Report and four (4) Annual Reports on Defendant's compliance with Title VII and this Decree for the EEOC's review;

17. Ensuring that Defendant accurately compiles and timely submits all reports by required this Decree;

18. Monitoring Claimants and/or witnesses who participated in this lawsuit and who continue to be employed by Defendant to ensure that they have not been subjected to any discrimination, harassment, or retaliation by contacting these individuals at least every three (3) months;

19. Monitoring that Defendant properly documented any applications for re-employment from Eligible Claimants and whether the Eligible Claimant was re-hired or not offered a position for a legitimate nondiscriminatory business decision;

20. Ensuring that Defendant's human resources personnel has an open-door policy and is easily accessible to all employees, including language accessibility; and

21. Further ensuring Defendant's full compliance with the spirit and the letter of the terms of this Decree.

//

**D. EEO Compliance Audits**

The Monitor shall conduct annual unannounced audits at Defendant's jobsites to ensure that leads, supervisors, and managers are held accountable and to encourage employees to report problems of discrimination, harassment, or retaliation. The Monitor may have an internal person with Defendant trained on how to conduct the audits.

The Monitor shall speak with employees and ensure compliance with anti-discrimination, anti-harassment, and anti-retaliation policies and procedures. To seek employee input, the audits will be conducted outside the presence of management, supervisors, and leads, without any onsite lead's or supervisor's advance knowledge of the audit. Notwithstanding this provision, the Monitor may provide advance notice of the audit to management, so arrangements may be made for the Monitor to access the job sites where Defendant's employees are working. Audits will be accompanied by a full report about employee feedback. Any conduct constituting discrimination, harassment, and/or retaliation will be subject to prompt and effective remedial action.

Audits shall also be conducted in areas where, after monitoring the complaints and reviewing the Complaint Log, there appear to be issues that require a fuller examination of the complaints. The audit shall also try to identify any alleged repeat offenders and shall include interviewing former and reassigned employees to better understand the dynamics in that unit.

The results of the audit shall be evaluated by the Monitor and submitted to the EEOC in each Annual Report as set forth below in Section XII.

**E. Policies Concerning Discrimination, Harassment and Retaliation**

1. Within sixty (60) calendar days after the Effective Date, Defendant shall review and revise its policies and procedures on discrimination, harassment and/or retaliation ("Final Policy") in consultation with the Monitor as described below.

2. The Final Policy shall include:

(a) a clear explanation of prohibited conduct in violation of Title VII, including on the basis of race, national origin, and sex, including examples;

(b) a complete copy of the final internal Complaint Procedure described below in Section X.F.

3. The Final Policy shall also include assurances that Defendant shall:

(a) hold all employees, including management, supervisory, lead and human resources employees, accountable for engaging in conduct prohibited under Title VII or this Decree;

(b) act to prevent and correct discrimination and/or harassment against its employees whether committed by Defendant's employees or another worker on jobsites to which Defendant's employees are assigned;

(c) clarify what steps management must take if they witness and/or become aware of complaints of discrimination, harassment, or retaliation;

(d) hold all management, supervisory, lead and human resources employees accountable for failing to take appropriate action to address discrimination, harassment, or retaliation and clearly state that management's failure to adhere to the reporting steps will be subject to discipline; and

(e) state that Defendant has a zero-tolerance policy with respect to discrimination, harassment, and retaliation.

(f) ensure its policies and procedures regarding discrimination, harassment and retaliation, including the Complaint Procedure in Section X.F, apply to all Defendant's workers, including reporting any conduct by those employed by subcontractors of Defendant and/or any conduct by those employed by general contractors or subcontractors with which Defendant works;

(g) ensure that Defendant's contracts with subcontractors

include a provision that Defendant has a zero-tolerance policy with respect to discrimination, harassment, and retaliation, including explicitly delineating Defendant's zero-tolerance policy, and requiring that parties agree to be bound by such policy and to otherwise promote a harassment-free work environment.

**F. Complaint Procedure**

1. Within sixty (60) calendar days after the Effective Date, Defendant, in consultation with the Monitor, shall draft, or review and revise its Complaint Procedure as described below.

2. The Complaint Procedure shall clearly state:

(a) that employees who believe that they have suffered discrimination, harassment, and/or retaliation may file an internal complaint using Defendant's internal complaint procedure, or may file an external complaint to any appropriate person or agency, or both;

(b) the contact information for EEOC and state and local Fair Employment Practice (FEP) agencies;

(c) that employees may initiate an internal complaint verbally or in writing to any appropriate person, in any language, and no special form is required;

(d) that Defendant shall not tolerate retaliation against any employee for use of the internal complaint procedure or any external complaint procedure, for assisting in the investigation of a complaint, or for otherwise assisting in the making of a complaint; and

(e) if an allegation of discrimination, harassment or retaliation against any employee is substantiated, then such conduct will result in appropriate discipline, up to and including discharge.

3. The Complaint Procedure shall lay out Defendant's responsibilities, including that Defendant will:

(a) maintain the confidentiality of the complaint, complainant

and investigation to the fullest extent possible;

(b) take every reasonable step to promptly resolve complaints, including having them translated into English when necessary;

(c) promptly commence a thorough investigation that shall be conducted by a person qualified to conduct such investigations;

(d) interview all relevant witnesses, including the complainant, and review all relevant documents;

(e) provide an opportunity for the complainant to review and respond to tentative findings, except in those circumstances in which it is necessary to take immediate action;

(f) communicate with the complainant (preferably in writing) regarding the status of the complaint, investigation, results of the investigation and any remedial action taken; and

(g) track investigations and maintain written records of all investigatory steps, any findings or conclusions of the investigation and any remedial actions taken;

4. The Complaint Procedure shall also provide an appeal procedure to an appropriate Defendant representative and the Monitor, should the complainant be dissatisfied with the results of an internal investigation. The Monitor will review the internal investigation and/or may reopen the investigation.

5. The Complaint Procedure shall be provided in English and Spanish.

6. The Complaint Procedure shall NOT require that the complainant:

(a) confront his or her harasser;

(b) file an internal complaint;

(c) initiate the complaint process only by submitting a

written complaint; or

(d) initiate the complaint process only by communicating in English.

7. Defendant shall confidentially follow-up with every complainant three months, six months, and twelve months after final resolution of the complaint to inquire whether the complainant believes that he or she has been further discriminated, harassed, and/or retaliated against, and, if necessary, Defendant shall investigate any additional allegations.

8. Defendant's human resources personnel shall have an open-door policy and shall be easily accessible to the employees. Human resources representatives shall be available to receive oral or written complaints from the employees during normal business working hours, with or without appointments, regardless of language.

9. Defendant shall provide its toll-free complaint hotline ("Hotline") to its employees as described more fully below in Section X.J. Defendant shall also publicize the EEOC's general toll-free number: (800) 669-4000.

10. The Monitor shall track all complaints filed under the revised internal Complaint Procedure and retain records regarding investigation and resolution of all such complaints, including but not limited to those complaints made through the Hotline. The Monitor shall also ensure that Defendant publicizes the revised internal Complaint Procedure to its employees, including the Hotline, and shall monitor Defendant's investigation and resolution of any complaints made.

**G. Finalizing and Distribution of Final Policy and Complaint Procedure**

1. Within sixty (60) calendar days after the Effective Date, Defendant shall provide the EEOC with a copy of the above-described Final

Policy, including the revised internal Complaint Procedure described above in Section X.F.

2. Upon receipt, the EEOC shall have thirty (30) calendar days to review and/or comment on the revised Final Policy.

3. If the EEOC does not provide comment within thirty (30) calendar days of receiving the revised Final Policy, Defendant shall on an annual basis distribute the Final Policy, including the revised internal Complaint Procedure described above in Section X.F, to all employees, including management, supervisory, lead and human resources employees. Defendant shall have each employee who receives a copy of the Final Policy sign a form acknowledging receipt.

4. Throughout the term of this Decree, Defendant shall post the Final Policy, including the revised internal Complaint Procedures described above in Section X.F, in English and Spanish in clearly visible locations in Defendant's mobile trailer at any jobsite where Defendant utilizes a mobile trailer and in each job box Defendant utilizes at all other jobsites where Defendant's employees are assigned to work. Defendant shall also disseminate a hard copy and electronic copy of the Final Policy to all its current employees in the employee's preferred language, and upon request of any employee. Defendant shall provide a copy of the Final Policy upon hire to any new employee onboarded within the duration of the Decree.

**H. Training**

1. Harassment Training. All employees, including managers, supervisors, leads and human resource employees, shall be required to attend a training program of at least one hour regarding discrimination, harassment, and retaliation. The training must be either in person or via live videoconference during which all participants are able to simultaneously hear and see the presenter (and any slides) and the presenter is able to simultaneously hear and see all

participants and in which participants are able to ask questions and the trainer is able to provide contemporaneous answers. The training under this section shall include review of federal employment discrimination laws; employees' rights and responsibilities under Title VII and this decree; and Defendant's Final Policy and procedures for reporting and handling complaints of harassment, discrimination, and retaliation. The training shall provide examples of the prohibited conduct (including third-party harassment and indirect harassment) to help develop employees' understanding of the types of conduct that constitute harassment, cover bystander intervention training to encourage and prepare them to act when they witness harassing and/or discriminatory behavior and to support targets of harassment, and a civility component including the importance of remaining respectful in all workplace interactions. The training shall include a discussion of issues specific to construction jobsites (*i.e.*, addressing discrimination by employees of a subcontractor or general contractor toward Defendant's employees).

2. The Harassment Training shall be mandatory and shall occur once every year for the term of this Decree for non-management employees. The first training shall occur within thirty (30) calendar days after EEOC's comments on the training curriculum, as described in Section X.H.12 below, or after ninety (90) calendar days from the Effective Date, whichever is later. Non-management employees who fail to attend the mandatory harassment training may be trained using a video recording of the in-person or live videoconference training, or an online program that is approved by the Monitor. Any employee who fails to attend any scheduled training shall be trained within thirty (30) calendar days of the training set forth above or thirty (30) calendar days of their start date if they begin their employment after the training has occurred for that year.

3. <u>Management Training</u>. Every managerial, supervisory, and lead employee shall be required to attend an additional Management Training

conducted of at least three-hours duration by the Monitor once every year for the term of this Decree. The training must be either in person or via live videoconference. The first Management Training shall occur within thirty (30) calendar days after EEOC's comments on the training curriculum, as described in Section X.H.12 below, or after ninety (90) calendar days from the Effective Date, whichever is later. Any employee who fails to attend any scheduled training shall be trained within (30) calendar days of the training set forth above or thirty (30) calendar days of their promotion/hire date if they begin their employment as a supervisor after the training has occurred for that year.

4. All Management Training shall be conducted by the Monitor and shall include training on how to properly handle and effectively investigate complaints of discrimination, harassment, and retaliation in a fair and neutral manner; how to take preventive and corrective measures against discrimination, harassment, and retaliation; and how to recognize and stop discrimination, harassment, and retaliation. Training shall include role playing on how to handle different scenarios and emphasize management's accountability in ensuring compliance with Title VII.

5. <u>Human Resources ("HR") Training</u>. All human resources employees shall receive advanced human resources training conducted by the Monitor. Training shall include how to properly handle and effectively investigate complaints of discrimination, harassment, and retaliation; how to take preventative and corrective measures against discrimination, harassment, and retaliation; and how to recognize and stop discrimination, harassment and retaliation. Training shall include role playing on how to handle scenarios and emphasize accountability of management, including human resources personnel, in ensuring compliance with Title VII. This Training shall occur once every year for the term of this Decree.

6. Within thirty (30) calendar days of the date of hire, for the

remainder of the term of this Decree, every new employee, including non-managerial, managerial, supervisory, lead, and human resources employees, shall receive the appropriate trainings described above.

7. Within thirty (30) calendar days of the date of promotion, for the remainder of the term of this Decree, every employee promoted to a managerial, supervisory lead or human resources position shall receive the above-described Management or HR Training.

8. Any employee required to attend any training under this Decree shall verify in writing his or her attendance at each training.

9. Within sixty (60) calendar days after the Effective Date, Defendant shall submit to the EEOC a description of the trainings to be provided and an outline of the curriculum developed for the trainees.

10. Upon receipt, the EEOC may provide comment within thirty (30) calendar days regarding any necessary revisions to the training.

11. Defendant shall give the EEOC a minimum of twenty (20) calendar days advance written notice of the date, time and location of each training provided pursuant to this Decree. An EEOC representative may attend any such training, at the sole discretion of the EEOC. If the EEOC intends to send a representative to any such training, the EEOC shall provide Defendant with at least ten (10) calendar days advance written notice.

**I. Complaint Log**

Within sixty (60) calendar days of the Effective Date, Defendant shall establish a Complaint Log, in consultation with the Monitor, for centralized tracking of all formal and informal complaints regarding discrimination, harassment, or retaliation and the monitoring of such complaints to prevent retaliation. This system shall be searchable by name of complainant, alleged perpetrator, jobsite where the alleged misconduct occurred. The system shall contain, for each complaint or investigation of discrimination or harassment based

on race, national origin, or sex, and/or any related retaliation, at least the following information:

(a) the name(s), job title(s), and date(s) of employment of the complainant(s) and any other potential aggrieved individual(s);

(b) the name(s), job title(s), and date(s) of employment of the alleged perpetrator(s);

(c) the date complaint was made;

(d) the language complaint was made in;

(e) a summary of the allegations, including date(s) and location(s) (jobsite) where alleged discriminatory/retaliatory conduct occurred;

(f) a description of how Defendant learned of the complaint, including whether the complaint was first made to a lead, foreman, member of management, human resources employee, or via the Hotline;

(g) the date the complaint was reported to Defendant's human resources department;

(h) a timeline and description of actions taken in response to the complaint, including the investigation of the complaint and final determination of the investigation;

(i) the corrective action(s) taken, if any;

(j) whether the alleged perpetrator has been accused of or disciplined for harassing behavior before; and

(k) the name(s) and job title(s) each individual involved in receiving the complaint(s), the ensuing investigation(s), and/or the final determination(s).

**J. Hotline and Online Complaint Process**

Within ninety (90) calendar days of the Effective Date, Defendant shall establish a toll-free number ("Hotline") and online complaint process for employees to report complaints, including those of discrimination, harassment,

and/or related retaliation. The Hotline and online complaint process shall operate seven (7) days per week, twenty-four (24) hours per day, be made available in English and Spanish, and shall offer employees the option of making anonymous complaints. The EEO Monitor shall ensure that all Hotline and online inquiries and response times are tracked and logged by Defendant in accordance with the Complaint Log described in Section X.I. The Monitor shall have access to all tracking records, data analytics, or call logs.

Annually for the duration of this Decree, Defendant shall communicate the Hotline and online complaint process information to all employees to facilitate the reporting of complaints of discrimination, harassment, and/or retaliation. Defendant shall inform all employees that a complaint can be lodged at any time with the Hotline or via the online complaint process. Defendant shall notify new employees of the Hotline and online complaint process no later than within seven (7) calendar days of hire.

**K. Performance Evaluations for EEO Compliance**

1. For the upcoming review cycle, Defendant shall revise its performance evaluation forms for its foremen, estimators, the Managing Director, and any other manager, supervisor, lead, and/or human resource personnel subject to an annual review, to include a criterion assessing each individual's compliance with Defendant's discrimination, harassment, and retaliation policy and procedures. Defendant shall reiterate its company's policies in its performance evaluations or review, and implement a component that assesses whether any supervisor or manager who has knowledge of such behavior acted to end it or report it. If any manager, supervisor, lead, or HR personnel is found to have had knowledge of such behavior and failed to act, Defendant shall take corrective action with respect to that individual.

2. At least thirty (30) calendar days prior to implementing the performance evaluation forms described above, Defendant shall provide the

EEOC with the proposed revisions to afford the Commission an opportunity to comment.

3. Defendant shall implement a documentation system to ensure that any managerial employee who reports discrimination, harassment and/or retaliation in compliance with the established procedures and training or respond appropriately to complaints of discrimination, harassment, and/or retaliation in compliance with the established procedures and training, has their reporting documented in their personnel file and considered a favorable factor during their annual review, if applicable.

4. Defendant shall report to the EEOC in the Initial Report and each Annual Report as set forth below in Section XII, if it held supervisors/managers accountable for not reporting complaints of discrimination, harassment, and/or retaliation in accordance with the established procedures and training and if it recognized those supervisors/managers who reported such conduct in accordance with the established procedures and training.

## XI. RECORD-KEEPING

Defendant shall work with the Monitor to establish a record-keeping procedure that provides for the centralized tracking of discrimination, harassment, and retaliation complaints and the monitoring of such complaints to prevent retaliation. The records to be maintained shall include:

A. all documents generated in connection with any complaint, including documents relating to all investigations or resolutions of any complaints and the identities of all witnesses identified by the complainant and/or through Defendant's investigation;

B. all forms acknowledging employees' receipt of Defendant's revised anti-discrimination, anti-harassment and anti-retaliation policy;

C. all documents verifying that all training sessions took place and the names and positions of all attendees for each session required under this Decree;

D. all documents generated in connection with the monitoring, counseling, and disciplining of employees whom Defendant determined to have engaged in behavior that may be discriminatory, harassing, and/or retaliatory;

E. all documents generated in connection with Defendant's confidential follow-up inquiries into whether any complainant believes he or she has been retaliated against;

F. all documents generated in connection with performance evaluations for managers, supervisors, leads, and HR personnel and related to whether Defendant held these individuals accountable for not reporting complaints of discrimination, harassment, and/or retaliation, and/or recognized those individuals who reported such conduct in accordance with its reporting process.

G. all documents generated in connection with Defendant's response to audits conducted in connection with this Decree and as referenced above in Section X.D.

H. all documents generated in connection with Defendant's agreements with its subcontractors related to Defendant's anti-discrimination and zero-tolerance policies as referenced above in Section X.E.

Defendant shall make the aforementioned records available to the EEOC within fourteen (14) calendar days following a written request by the EEOC.

## XII. REPORTING

In addition to the notice and reporting requirements above, Defendant shall provide a total of five (5) reports following the entry of the Decree. The first report (the "Initial Report") will be due within 120 days of the Effective Date. Each following report (the "Annual Reports") will be submitted to the EEOC annually during the term of the Decree on the same day as the Effective Date. The last Annual Report will be submitted no later than 120 days prior to the expiration of the decree. The reports shall be submitted to the EEOC in writing by mail or e-mail to the address set forth in section XV.C. below.

A. The Initial Report shall contain the following:

1. a copy of the Final Policy on anti-discrimination, anti-harassment and anti-retaliation, including the final complaint procedures;

2. a summary of the procedures and record-keeping methods developed with the Monitor for centralized tracking of discrimination, harassment, and retaliation complaints and the monitoring of such complaints;

3. a copy of all prior complaints made in the year before the Effective Date—investigated or resolved—regarding discrimination or harassment based on race, national origin, or sex including the names of the complainants; the nature of the complaint; the names of the alleged perpetrators of discrimination, harassment or retaliation; the dates of the alleged harassment or retaliation; a brief summary of how each complaint was resolved; and the identity of each of Defendant's employee(s) who investigated or resolved each complaint and the identity and most recent contact information for each witness identified by the complainant and/or investigation; and assessments and recommendations for remedying all identified issues with race, national origin, and/or sex-based harassment or retaliation;

4. a statement confirming that the review of the prior complaints of discrimination or harassment based on race, national origin, or sex, or related retaliation, including the names of the complainants as identified in Section X.C.9, has been completed and a summary of any changes to Defendant's policy and/or procedures to address issues, if any that were identified through the review and audit;

5. a statement confirming that the required notices pertaining to this Decree and the Final Policy regarding anti-discrimination, anti-harassment and anti-retaliation have been posted and disseminated to its employees;

6. a statement confirming all training has been completed;

7. a statement confirming that Defendant has complied with

Section IX, "Claimant Specific Injunctive Relief"; and

8. a statement confirming whether Defendant held leads, supervisors, and managers accountable for not reporting complaints of discrimination or harassment based on race, national origin or sex, and/or retaliation, and/or recognized those leads, supervisors, and managers who reported such conduct in accordance with its reporting process.

9. a statement confirming that Defendant's agreements with its subcontractors include provisions related to Defendant's anti-discrimination and zero-tolerance policies as referenced above in Section X.E.

B. Each Annual Report shall contain the following:

1. a current employee list containing each employee's name, start date, and job title;

2. complete attendance lists for all training sessions required under this Decree that took place during the previous six months;

3. a description of all discrimination, harassment, and retaliation complaints made, investigated or resolved in the previous six months, including the names of the complainants; the nature of the complaint; the names of the alleged perpetrators of discrimination, harassment, or retaliation; the dates of the alleged discrimination, harassment, or retaliation; a brief summary of how each complaint was resolved; and the identity of each of Defendant's employee(s) who investigated or resolved each complaint and the identity and most recent contact information for each witness identified by the complainant and/or investigation; and assessments and recommendations for remedying all identified issues with race, national origin, and/or sex-based harassment or retaliation;

4. an analysis of the monitoring done when more than one complaint is filed by or against a particular employee, as well as any investigation or resolution;

5. a report on the results of the audits and the actual audits

specifically outlining which jobsites were visited, what was observed, who was interviewed, and what course of action, if any, was taken; and

6. a report listing all, if any, Eligible Claimants who applied for re-employment with Defendant, including whether they were offered a position, whether they accepted the position; and if the Eligible Claimant who sought re-employment was not hired, a description of the legitimate nondiscriminatory business basis for that decision.

C. Defendant shall submit a report to the EEOC detailing any planned changes to the Final Policy, procedures or record-keeping methods for complaints and related audits, at least thirty (30) calendar days prior to implementing such changes.

## XIII. COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree.

## XIV. COSTS AND ATTORNEYS' FEES

Each Party shall bear its own costs of suit and attorneys' fees.

## XV. MISCELLANEOUS PROVISIONS

A. During the term of this Decree, Defendant shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) calendar days prior to the execution of any agreement for acquisition or assumption of control of Defendant's business, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B. During the term of this Decree, Defendant and its successors shall ensure that each of its directors, officers, human resource personnel, managers, supervisors and leads is aware of any term(s) of this Decree which may be related to his/her job duties.

C. All notices, reports, and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012 and anna.park@eeoc.gov.

D. The Parties agree to entry of this Decree and judgment subject to final approval by the Court. All Parties, through the undersigned, respectfully apply for and consent to this entry of this Decree.

## XVI. EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTION 162(f) AND 6050(X)

EEOC may be required to report the fact of this settlement to the Internal Revenue Service (IRS) under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the IRS.

1. Defendant's EIN is: 27-4483331.

The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is:

Goodsell/Wilkins, Inc.
Attn: Brooke Wilkins
28175 Bluebell Dr.
Laguna Niguel, CA 92677

2. EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

3. The provision of the Form 1098-F by the EEOC does not mean the requirements to claim a deduction under the Internal Revenue Code have been met.

4. Any decision about a deduction pursuant to the Internal Revenue

Code will be made solely by the IRS with no input from the EEOC.

5. The parties are not acting in reliance on any representation made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

**XVII. COUNTERPARTS AND FACSIMILE SIGNATURES**

This Decree may be signed in counterparts. A facsimile or electronic signature shall have the same force and effect of an original signature or copy thereof.

All Parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dated: 02/11, 2025 By: ______________________

Anna Y. Park, Regional Attorney
Attorney for Plaintiff EEOC

GOODSELL/WILKINS, INC.

Dated: 02/04, 2025 By: ______________________

Glen Goodsell
Representative for Defendant
Goodsell/Wilkins, Inc.

## **ORDER**

The provisions of the foregoing Consent Decree are fair, reasonable, and adequate. The Consent Decree is hereby approved and compliance with all provision thereof is HEREBY ORDERED. The Court hereby retains jurisdiction over this Consent Decree until its termination.

IT IS SO ORDERED.

DATED: ____________

______________________________________
THE HONORABLE JOHN W. HOLCOMB
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

EXHIBIT A

**IMPORTANT LEGAL NOTICE OF CLASS LAWSUIT SETTLEMENT**

DATE

NAME
ADDRESS LN 1
ADDRESS LN 2
EMAIL ADDRESS

Re: Settlement of EEOC Lawsuit
*EEOC v. Goodsell/Wilkins, Inc.*
Case No. 8:22-cv-01765-JWH-(JDEx)

Dear Potential Claimant:

**YOU MAY BE ELIGIBLE FOR A MONETARY AWARD IF YOU WORKED AT GOODSELL/WILKINS BETWEEN AUGUST 2018 AND [________].**

On _______, the U.S. District Court for the Central District of California approved the settlement of the U.S. Equal Employment Opportunity Commission ("EEOC")'s claims against Goodsell/Wilkins, Inc. ("Goodsell/Wilkins"). In the EEOC's lawsuit, EEOC alleged that Defendant violated Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") by subjecting its employees working at Goodsell/Wilkins to unlawful harassment, constructive discharge, and/or retaliation based on their race (Hispanic) and/or national origin (Latino) and sex (male) between August 2018 and the present.

The settlement, called a "Consent Decree," provides for a total of $730,000 in monetary payments to a class of eligible workers who were adversely affected by harassment based on race and/or national origin, sex harassment, constructive discharge and/or retaliation. Individuals who are male and/or Hispanic/Latino, who worked at Goodsell/Wilkins during the Claims Period from August 2018 to _______, may be eligible to receive a monetary award under the Consent Decree. Persons identified as claimants may also be eligible to seek re-employment by Goodsell/Wilkins.

You have been identified by Defendant as an individual who worked for Goodsell/Wilkins during the Claims Period. Accordingly, you may be eligible to participate in the claims process and may be entitled to receive a monetary award under the Consent Decree.

**<u>YOU HAVE TWO OPTIONS:</u>**

1. **Complete a Claims Questionnaire no later than _________.** EEOC will use this information to determine your eligibility to receive settlement award and the amount of the award. Your responses will be kept confidential by the EEOC.

EEOC decides who is eligible to receive a monetary award and the amount of each award. <u>EEOC keeps none of the settlement money</u>. If EEOC determines that you are eligible for a monetary award, you will be sent a notification letter and a release of claims of race and/or national origin harassment, sex harassment, constructive discharge, and retaliation under Title VII or which otherwise arise out of the same operative facts, and Goodsell/Wilkins will be notified if you are interested in seeking re-employment at Goodsell/Wilkins and wish to be placed on an employment vacancy contact list.

Notification letters will be sent after the claims process is complete, and monetary awards will be distributed after release of claims are received. Prior to receipt of monetary awards, you **must** notify the Claims Administrator if your contact information or mailing address changes.

You may submit your **Claims Questionnaire** by mail or online. Online questionnaires can be accessed at [__________________] or via QR Code:

2. **Do nothing.** By doing nothing, you will not receive any money from the settlement and will retain your right, if you have a right, to sue Defendant at your own cost on claims that they violated Title VII by subjecting you to race and/or national origin harassment, sex harassment, constructive discharge and/or retaliation.

In order to facilitate the settlement process, Goodsell/Wilkins has hired Claims Administrator ILYM Group to collect information and distribute settlement funds. Please direct all questions regarding making a claim, filling out the claims questionnaire, and mailing of settlement checks to ILYM Group at:

ILYM Group, Inc.
ADDRESS LN 1
ADDRESS LN 2
PHONE
FAX
EMAIL ADDRESS

**Please do not contact the Court or Defendant concerning the Claims Process.**

EEOC has sole discretion to determine your eligibility for a settlement award, the amount of any such award, and the timing of the award. Questions regarding eligibility may be directed to the EEOC. To get in contact with an EEOC representative, please email _______________ or call _______________. An EEOC representative will respond as soon as possible.

Thank you for your participation in this matter.

# EXHIBIT B

EXHIBIT B

# **CLAIMS FORM QUESTIONNAIRE** (ENGLISH)

The U.S. Equal Employment Opportunity Commission ("EEOC") has resolved its claims alleging that Defendant Goodsell/Wilkins, Inc. ("Goodsell/Wilkins") subjected its employees to race and/or national origin harassment (Hispanic/Latino), sex (male) harassment, constructive discharge and retaliation between August 2018 and the present. You may be eligible to receive money from the settlement if, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), you are Hispanic/Latino and/or male and were subjected to harassment based on your race and/or national origin and/or sex while working at Goodsell/Wilkins during the Claims Period.

Please complete this questionnaire to the best of your ability and return to ILYM Group, Inc., [MAILING ADDRESS] as soon as possible. To be eligible to receive money from the settlement, you must complete and return this questionnaire by ___________. EEOC will use this information to determine your eligibility. You will be contacted by the EEOC to provide additional information necessary to evaluate your claims. Your answers will not be shared with anyone other than the EEOC and the Claims Administrator.

Failure to submit your claim by the date specified may result in disqualification from the settlement fund. If you need assistance completing or submitting this questionnaire, you can contact the Claims Administrator:

ILYM Group, Inc.
ADDRESS LN 1
ADDRESS LN 2
PHONE
FAX
EMAIL

To get in contact with an EEOC representative, please email _____________ or call ________.

Once the EEOC makes a determination on your eligibility, the Claims Administrator will communicate with you regarding the next steps. Please inform the Claims Administrator about any change in your contact information as it may affect your eligibility if they are unable to contact you. Thank you in advance for providing this information.

## I. Name and Contact Information

First Name: ___________________________
Last Name(s): _________________________
Address: _____________________________
City: _______________________________
State: ______________________________
Zip Code: ____________________________
Cell Phone: ___________________________

Email Address: ________________________

Alternate Contact Person
Name: _______________________________
Phone: ______________________________
Email: _______________________________
Relationship: _________________________

## II. Employment History at Goodsell/Wilkins

1. Have you ever worked for Goodsell/Wilkins?

   □ Yes □ No

2. When did you work at Goodsell/Wilkins? (Please provide a date range)

   ______________________________________________

## III. Demographic Information

1. What is your race and/or national origin? (Please select as many as apply)

   □ Hispanic/Latino

   □ White

   □ Black/African American

   □ Asian/Pacific Islander

   □ Native American

   □ Multiple (please list):

   ______________________________

   □ Other:

   ______________________________

2. What is your sex?

   □ Female

   □ Male

## IV. Hostile Work Environment Based on Race and/or National Origin (Hispanic/Latino)

Use of racial/ethnic slurs and discriminatory comments at a work site can turn the workplace into hostile work environment. This can happen if the conduct is directed at you personally, or you witnessed or were otherwise aware of that conduct and it was directed at another employee or worker at a work site.

This may include the use of derogatory terms about your race and/or national origin, degrading and mocking behavior regarding your English-speaking skills and/or country of origin. This also includes being subjected to racial graffiti including slurs based on race and/or national origin and offensive images towards Hispanic/Latinos individuals. These are only examples. You may have experienced other conduct that could be deemed harassment based on race and/or national origin.

1. While working at Goodsell/Wilkins, did you experience or witness any use of racial/ethnic slurs, discriminatory comments or offensive images at a work site?

□ Yes □ No □ I don't know

2. While working at Goodsell/Wilkins, did you experience or witness any conduct that was based on race and/or national origin that you felt was inappropriate at a work site?

□ Yes □ No □ I don't know

## V. Hostile Work Environment Based Sex (Male)

Inappropriate sexual conduct at work can turn the workplace into a sexually hostile work environment. This can happen if the conduct is directed at you personally, or you witnessed or were otherwise aware of that conduct and it was directed at another employee.

A wide range of conduct may fit into the category of inappropriate sexual conduct or sexual harassment, depending on the circumstances. This may include sexual comments, such as comments about your appearance, sharing of sexual experiences, crude jokes, sexually explicit remarks, sexually degrading comments, and sexual threats. This also includes physical conduct, such as unwelcome touching or sexual gestures. These are only examples. You may have experienced other conduct that could be deemed sex harassment.

1. While working at Goodsell/Wilkins, did you experience or witness any inappropriate sexual conduct or remarks at a work site?

□ Yes □ No □ I don't know

2. While working at Goodsell/Wilkins, did you experience or witness any conduct of a sexual nature that you felt was inappropriate at a work site?

□ Yes □ No □ I don't know

## VI. Reemployment

1. If you are deemed eligible to participate in this settlement, are you interested in receiving notifications of employment vacancies at Goodsell/Wilkins?

□ Yes □ No

******END OF QUESTIONNAIRE*****

# EXHIBIT C

EXHIBIT C

**Waiver and Release of Claims**

In consideration for $________ paid to me by Goodsell/Wilkins, Inc., I agree as follows:

In connection with the resolution of EEOC v. Goodsell/Wilkins, Inc., by signing below I hereby waive and release any and all claims of race and/or national origin (Hispanic/Latino) harassment, sex (male) harassment, constructive discharge and retaliation against Goodsell/Wilkins, Inc. and its officers, employees and agents, as alleged in EEOC's complaint in EEOC v. Goodsell/Wilkins, Inc., Case No. 8:22-cv-01765-JWH-(JDEX) pursuant to Title VII of the Civil Rights Act of 1964, or which otherwise arise out of the same operative facts. I understand that Title VII can only be enforced against companies and not individuals.

Date: ___________ Signature: _________________________________

# EXHIBIT D

EXHIBIT D

# NOTICE OF SETTLEMENT AND CONSENT DECREE

TO: ALL EMPLOYEES

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in the United States District Court for the Central District of California against Goodsell/Wilkins, Inc., Case No. 8:22-cv-01765-JWH-(JDEx). EEOC filed this lawsuit alleging that Goodsell/Wilkins, Inc.'s employees were harassed based on their national origin, race, and/or sex; constructively discharged because of the harassment; and/or were retaliated against for opposing/reporting the harassment. Without admitting liability, Goodsell/Wilkins, Inc. has agreed to settle the case by entering into a public "Consent Decree" with the EEOC. As part of the settlement, Goodsell/Wilkins, Inc. is paying $730,000 in monetary relief to individuals identified by the EEOC as having satisfied the requirements for participating in the settlement. The EEOC will determine the amounts each individual participating in the settlement will be eligible to receive. In the Consent Decree, Goodsell/Wilkins, Inc. has also agreed to various types of injunctive remedies including ensuring that its policies and procedures against harassment conform to Title VII; hiring an outside monitor to oversee compliance with Title VII; training employees regarding harassment; creating a centralized system of tracking complaints; and providing the EEOC with periodic reporting regarding the injunctive remedies.

Under the Consent Decree, employees are being given notice that any violations of Goodsell/Wilkins, Inc.'s policies against harassment and discrimination will be thoroughly investigated. Individuals found to have violated that policy will be subject to discipline up to and including termination of employment. All employees will undergo training to correct and prevent any unlawful harassment and discrimination towards employees.

Federal law prohibits harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin, with respect to hiring, compensation, promotions, discharge, terms and conditions or privileges of employment. Federal law also prohibits retaliation for those who oppose or resist harassment or discrimination or participate in investigations regarding complaints of discrimination.

Goodsell/Wilkins, Inc. is committed to complying with federal anti-discrimination laws in all respects. Harassment or discrimination will not be tolerated by any employee or at any jobsite. Any employee who files a complaint or formal charge of discrimination, gives testimony or assistance, or participation in any manner in any investigation will be protected from retaliation.

If you believe that you have been harassed or otherwise discriminated against because of your sex, national origin, age, race, color, religion, or disability, you may follow Goodsell/Wilkins, Inc.'s procedures, report to the appointed EEO Monitor, and/or seek assistance from the EEOC:

[EEO Monitor Name]
[Address Line] [Phone Number] [Website]

OR

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor, Los Angeles, CA 90012-3332
Phone: (213) 785-3090 Web: www.eeoc.gov